IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) CASE NO. 2:08-CR-149-WKW |
| | ) |
| PETER MAKUSI OTEMBA OWUOR | ) |

**<u>ORDER</u>**

On September 2, 2009, the Magistrate Judge issued a Report and Recommendation ("Recommendation") (Doc. # 107) recommending that Defendant Peter Makusi Otemba Owuor's motion (Doc. # 83) to strike the venire from which his jury was drawn be denied. Mr. Owuor timely filed an Objection to the Recommendation. (Doc. # 108.) After an independent and *de novo* review, the court concludes that the Objection is due to be overruled.

The Recommendation rejected all Mr. Owuor's multiple arguments for striking the venire, but the Objection takes issue with only one element of the Recommendation, its conclusion that Mr. Owuor's claim under the Jury Selection and Service Act ("JSSA"), which was filed on the morning of jury selection, was not timely. The JSSA provides that defendants shall make claims under it "before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered, by the exercise of diligence, the grounds" for relief under the JSSA. 28 U.S.C. § 1867(a).

According to Mr. Owuor, his delay in making the JSSA claim is excused because recent judicial decisions upheld the validity of the jury selection process in this district. *See, e.g.*, *United States v. Siegelman*, 561 F.3d 1215, 1243-44 (11th Cir. 2009); *United States v. Carmichael*, 560 F.3d 1270 (11th Cir. 2009). Thus, an earlier claim would have been frivolous, and Mr. Owuor was unaware of the potential existence of a valid claim until he noted an apparent racial disparity in the venire for his trial.

But the relevant question is not whether a particular venire suffered from some racial imbalance, but whether "'the representation [of a distinct group] in *venires* from which juries are selected is not fair and reasonable in relation to the number of such persons in the community.'" *United States v. Carmichael*, 467 F. Supp. 2d 1282, 1306 (M.D. Ala. 2006) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)) (emphasis added). As the Recommendation explained, venires are drawn from the Qualified Jury Wheel, the demographic breakdown of which was available well in advance of jury selection. The fact that precedent weighed heavily against Mr. Owuor's claim did not excuse him from asserting it in a timely fashion.

Moreover, regardless of the timeliness of Mr. Owuor's claim, it would fail on the merits for the reasons explained by the Recommendation – and unobjected to by Mr. Owuor. Accordingly, it is ORDERED that

    (1)    the Recommendation (Doc. # 107) is ADOPTED;

    (2)    the Objection (Doc. # 108) is OVERRULED, and;

(3)     the motion (Doc. # 83) to strike the venire is DENIED.

DONE this 28th day of September, 2009.

                                            /s/   W.  Keith Watkins
                                         UNITED STATES DISTRICT JUDGE